DISCIPLINARY PROCEEDINGS
JiPER CURIAM.*
On August 23, 1996, respondent, Barry Thomas Augustine, an attorney licensed to practice law in the State of Louisiana, was charged by the Office of Disciplinary Counsel (“ODC”) with four counts of formal charges. The charges alleged violations of Rules 1.3, 1.4, 1.15, 1.16(d), 3.4(a),(c), 8.1(b), (c), 8.4(a),(c),(d),(g) of the. Rules of Profession Conduct and Supreme Court Rule XIX § 9(c).
A review of the underlying facts relating to the first count indicates that on December 2, 1995, Janice Seals retained respondent to represent her in criminal proceedings involving theft and possession of cocaine and drug paraphernalia. Ms. Seals paid respondent $230.00 on December 2, 1995 and an additional $100.00 on December 16, 1995.' Ms. Seals appeared in court accompanied by respondent on December 4, 1995 for her arraignment hearing. Hearings on Ms. Seals’ motion to suppress and the prosecution’s motion to increase bond were set for December 20,1995. Ms. Seals appeared in court on the hearing date without counsel and the court’s docket master reported that counsel for defendant was unavailable. The hearings were continued for December 21, 1995. In the meantime, Ms. Seals attempted to contact respondent. On December 21, 1995, neither Ms. Seals nor respondent appeared for the hearing set in her case and the court issued an alias capias. Subsequently, Ms. Seals appeared in court on January 1, 1996 with new counsel.
The second count arose in connection with the ODC’s investigation of the first count. On May 20, 1996, respondent was.personally served with a subpoena, ordering him to appear before the ODC on May 29, 1996 to testify and produce his file. Respondent failed to appear and produce his file on the specified date.
A review of the facts underlying the third count indicate that on October 23, 1995, Stacy Marks retained respondent to [¿represent her husband, Barry Marks, in his criminal case and several traffic violations. Ms. Marks paid respondent a retainer of $850.00 on October 23, 1995. Respondent succeeded in removing at least one of the six traffic violations from Mr. Marks’ record before attorney Tara Smith took over the cases, but Ms. Marks alleged respondent failed to act with due diligence and promptness, failed to account for any earned portion of the fee advance and failed to refund the unearned fee.
The fourth count arose in connection with the ODC’s investigation of the third count. On May 20, 1996, respondent was personally served with a subpoena ordering him to appear before the ODC on May 29, 1996 to testify and produce his file. Respondent failed to appear and produce his file on the specified date.
Subsequently, respondent filed an answer to the formal charges, denying the allegations in Counts I and III. He admitted the allegations in Counts II and IV, but stated *2 that he informed the ODC that he had a conflict on that date and requested another date “to no avail.”
A formal hearing was held at which respondent appeared and testified. Respondent testified that he did sufficient work to earn his fee in both the Seals and Marks matters. As to the failure to cooperate charges, respondent stated that he informed the ODC that he had a conflict with the date because he had an on-going case in Criminal District Court, but the ODC refused to reschedule his appearance.
On January 17, 1997, the hearing committee submitted its report to the disciplinary board. The committee determined that the ODC failed to prove the charges in Count I and Count III by clear and convincing evidence. As to Count I, the committee found that respondent was paid a total of $330. It concluded that by meeting Ms. Seals in court, making a court appearance on her behalf and making several phone calls to her, he clearly earned his fee in the matter.
Likewise, as to Count III, the committee found that respondent was paid $350 for the representation and that he earned lathis fee by meeting Ms. Marks, appearing in court to have a warrant recalled, investigating other charges against Mr. Marks and making phones calls to the Marks.
However, the committee determined that the ODC not only proved the charges in Counts II and IV, but that respondent admitted his fault in his hearing testimony. The committee found that respondent’s failure to appear and to produce his files obstructed the ODC’s access to evidence and violated his obligation under the rules of the tribunal, showed a failure to cooperate in a disciplinary investigation and constituted conduct prejudicial to the administration of justice.
Concluding that respondent’s acts were done knowingly and were of an inexcusable nature, the committee found the proper sanction to be applied would be a suspension. Accordingly, the committee recommended that respondent be suspended from the practice of law for a period of thirty days and that all costs associated with this matter be assessed to the respondent.
On June 12, 1997, the disciplinary board submitted its recommendation to this court. The board agreed with the recommendation of the hearing committee. It noted that the hearing committee presented no aggravating or mitigating circumstances. Although the board found no aggravating factors, it stated that two mitigating factors existed: absence of prior disciplinary record and remorse. It further pointed out that the respondent’s primary source of income is as a writer and that he does not practice law full time. Based on these factors, it concluded that suspension was the proper sanction, and therefore adopted the committee’s recommendation that respondent be suspended for thirty days and that the respondent pay all costs of these proceedings.
One board member concurred with the recommendation based upon respondent’s blatant disregard for the procedures established by the court for attorney conduct. Three of the board members dissented from the panel recommendation with reasons. Two of these members were concerned with the ODC’s unwillingness to reschedule the subpoena return date when the respondent was to be in court at Uthe same time, and would have recommended a public reprimand. By contrast, another board member felt that respondent intentionally failed to respond to the subpoena. He felt that the proper sanction would be a thirty day suspension with one year probation and a requirement of a CLE in ethics.
Neither respondent nor the ODC have filed any objections in this court to the disciplinary board’s recommendation.
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and the record filed herein, it is the decision of the court that the recommendation of the disciplinary board be adopted.
Accordingly, it is ordered that respondent, Barry Thomas Augustine, be suspended from the practice of law for a period of thirty days. All costs of these proceedings are assessed to respondent.
JOHNSON, J., dissents.

 Lemmon, J., not on panel. Rule IV, Part 2, § 3.