*752
 
 | ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 
 *
 

 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, James Louis Fahrenholtz, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.
 

 UNDERLYING FACTS
 

 08-DB-002
 

 Count I
 

 Effective October 31, 2005, respondent was declared ineligible to practice law in Louisiana for failure to pay his bar dues and the disciplinary assessment. Effective July 27, 2006, respondent was declared ineligible to practice law for failure to comply with the mandatory continuing legal education (“MCLE”) requirements. To date, respondent has failed to fulfill his professional obligations.
 

 The ODC alleges that respondent’s conduct violated Rules 1.1(b) (failure to comply with MCLE requirements) and 1.1(c) (failure to pay bar dues and the disciplinary assessment) of the Rules of Professional Conduct.
 

 \?Count II
 

 By letter dated July 29, 2005, the Louisiana Boai'd of Ethics, which serves as the Supervisory Committee on Campaign Finance Disclosure, filed a complaint against respondent with the ODC.
 
 [1]
 
 Despite receiving notice of the complaint by certified mail, respondent failed to respond. He also failed to appear on April 12, 2006 to provide the ODC with a sworn statement despite being personally served with a subpoena.
 

 The ODC alleges that respondent’s conduct violated Rules 8.1(c) (failure to cooperate with the ODC in its investigation) and 8.4(a) (violation of the Rules of Profes
 
 *753
 
 sional Conduct) of the Rules of Professional Conduct.
 

 08-DB-029
 

 Reinier Neslo filed a complaint against respondent with the ODC.
 
 [2]
 
 Despite receiving notice of the complaint by certified mail, respondent failed to provide a response.
 

 The ODC alleges that respondent’s conduct violated Rules 8.1(c) and 8.4(a) of the Rules of Professional Conduct.
 

 DISCIPLINARY PROCEEDINGS
 

 The ODC filed two separate sets of formal charges against respondent, which were consolidated by order of the hearing committee. Respondent was personally | ^served with the formal charges but failed to answer. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the committee’s consideration.
 

 Hearing Committee Report
 

 After considering the ODC’s deemed admitted submission, the hearing committee determined that the ODC proved its case by presenting documentary evidence and based on the formal charges, which were deemed admitted. The committee then made the following factual findings:
 

 1)Respondent has been ineligible to practice from October 31, 2005 until the present for failing to pay bar dues and the disciplinary assessment;
 

 2) Since being declared ineligible on October 31, 2005, respondent has additionally been declared ineligible on July 27, 2006 for failing to comply with MCLE requirements;
 

 3) Respondent knowingly failed to respond to a lawful demand for information from a disciplinary authority on multiple occasions; and
 

 4) Respondent failed to cooperate with the ODC on multiple occasions.
 

 Based on these findings, the committee determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges. Furthermore, the committee found that respondent violated Rule 8.1(b) (knowing failure to respond to a lawful demand for information from an admissions or disciplinary authority) of the Rules of Professional Conduct.
 

 |/The committee determined that respondent knowingly failed to cooperate with the ODC in its investigations. This resulted in delay and diverted the limited resources of the disciplinary system. It also impaired the efficient operation of the disciplinary process and resulted in the disciplinary system expending time and resources in issuing subpoenas to compel respondent’s cooperation. Relying on the ABA’s
 
 Standards for Imposing Laivyer Sanctions,
 
 the committee determined that the baseline sanction for respondent’s misconduct is suspension.
 

 The committee found the following aggravating factors: multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, and substantial experience in the practice of law (admitted 1996). The only mitigating factor found by the committee
 
 *754
 
 was the absence of a prior disciplinary record.
 

 Under these circumstances, the committee recommended that respondent be suspended from the practice of law for six months.
 

 Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.
 

 Disciplinary Board Recommendation
 

 After reviewing the consolidated matters, the disciplinary board determined that the factual findings of the hearing committee are supported by the factual allegations asserted by the ODC in the formal charges and/or by the evidence submitted in support of the allegations. The board also determined that the committee properly found that respondent violated the' Rules of Professional Conduct as charged, as well as Rule 8.1(b), which was not formally charged.
 

 | ¡/The board adopted the committee’s findings regarding respondent’s mental state, duties violated, and harm caused. The board also agreed with the aggravating and mitigating factors found by the committee. Additionally, the board found the aggravating factor of a pattern of misconduct. The board determined that the baseline sanction is a suspension based on the ABA’s
 
 Standards for Imposing Lawyer Sanctions.
 

 The board noted that this court has found that an attorney’s failure to cooperate with the ODC, standing alone, is sufficient to warrant discipline. In support, the board cited the following cases:
 
 In re: Augustine,
 
 97-1570 (La.9/26/97), 707 So.2d 1 (thirty-day suspension imposed upon an attorney who knowingly failed to cooperate with the ODC in its investigation);
 
 In re: Gold,
 
 98-2819 (La.4/30/99), 734 So.2d 1210 (public reprimand and probation imposed upon an attorney who failed to cooperate with the ODC in five investigations); and
 
 In re: Boudreau,
 
 03-1890 (La.12/3/03), 860 So.2d 1119 (six-month suspension imposed upon an attorney who failed to cooperate with the ODC in its investigation of a complaint filed against him; the attorney had recently been disciplined for similar misconduct and his continued failure to cooperate was therefore found to be “particularly egregious”).
 

 The board determined that respondent “has demonstrated a pattern of misconduct in which he completely ignores his professional obligations” to comply with MCLE ■ requirements, pay bar dues and the disciplinary assessment, and cooperate with the ODC in disciplinary matters. The board also noted that respondent failed to appear for oral argument before its panel members, some of whom traveled long distances to serve on the panel.
 

 Under these circumstances, a majority of the board recommended that respondent be suspended from the practice of law for one year and one day, which 16will require the filing of a petition for reinstatement. One board member concurred, stating that “before [respondent] represents clients in the practice of law, he should be required to demonstrate his desire to uphold the ‘professional obligations’ required.” However, three board members dissented and would recommend a one-year suspension, with all but six months deferred.
 

 Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been
 
 *755
 
 proven by clear and convincing evidence.
 
 In re: Quaid,
 
 94-1316 (La.11/30/94), 646 So.2d 343;
 
 Louisiana State Bar Ass’n v. Boutall,
 
 597 So.2d 444 (La.1992).
 

 In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations.
 
 In re: Donnan,
 
 01-3058 (La.1/10/03), 838 So.2d 715.
 

 17The deemed admitted facts and documentary evidence in this matter support the factual findings made by the hearing committee. Respondent was declared ineligible to practice law for failure to pay his bar dues and the disciplinary assessment and separately for failure to comply with MCLE requirements. He also failed to cooperate with the ODC in two investigations. These facts support a finding that respondent violated the Rules of Professional Conduct as alleged in the formal charges. The factual allegations of the formal charges also indicate that respondent violated Rule 8.1(b) of the Rules of Professional Conduct.
 

 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Whittington,
 
 459 So.2d 520 (La.1984).
 

 Respondent knowingly, if not intentionally, violated duties owed to the legal profession, causing harm to the disciplinary system. The baseline sanction for this type of knowing misconduct is a period of suspension.
 

 The record supports the aggravating factors of a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, and substantial experience in the practice of law. The only mitigating factor present is the absence of a prior disciplinary record.
 

 RAs noted by the board, the sanctions imposed in failure to cooperate cases typically have been in the range of a public reprimand to a six-month suspension from the practice of law. However, in the instant case, we find that respondent’s failure to cooperate with the ODC is more egregious than the typical failure to cooperate case. At no point in this proceeding has respondent made any effort to respond to repeated inquires from the ODC. Additionally, he has not complied with his other professional obligations as a lawyer, such as paying his bar dues and the disciplinary assessment and completing his mandatory continuing legal education requirements. As a result, respondent has been ineligible to practice law since 2005. Finally, respondent’s misconduct is particularly troublesome because he was an elected official
 
 *756
 
 at the time.
 
 See In re: Bankston,
 
 01-2780 (La.3/8/02), 810 So.2d 1113 (an attorney occupying a position of public trust is held to even a higher standard of conduct than an ordinary attorney). Given these circumstances, we find that the one year and one day suspension recommended by the board, which would necessitate a formal application for reinstatement, is appropriate.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that James Louis Fahrenholtz, Louisiana Bar Roll number 24088, be and he hereby is suspended from the practice of law for one year and one day. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Judge Benjamin Jones, of the Fourth Judicial District Court, assigned as Justice
 
 Pro Tem-pore,
 
 participating in the decision.
 

 [1]
 

 . Respondent was elected to the Orleans Parish School Board in 2000 and 2004. The complaint alleged that, as a publicly elected official, respondent repeatedly failed to file required disclosure reports in violation of the Campaign Finance Disclosure Act, for which some $27,400 in fines had been levied against him. Moreover, the complaint alleged that respondent contumaciously ignored every attempt by the Louisiana Board of Ethics to contact him.
 

 [2]
 

 . The complaint arose out of a matter wherein respondent served as the executor of a decedent's last will and testament and pertained to respondent's conduct in his capacity as executor.