*1246 ^ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Ruben Hernandez, Jr., an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In August 2007, the ODC filed formal charges against respondent in 07-DB-042. Respondent answered the formal charges, denying any misconduct. The matter then proceeded to a formal hearing on the merits, conducted by the hearing committee in March 2008 and April 2008.
In August 2008, the ODC filed a second set of formal charges against respondent in 08-DB-062. Respondent answered the formal charges, denying any misconduct. The matter then proceeded to a formal hearing on the merits, conducted by a separate hearing committee in August 2009.
Thereafter, the two sets of formal charges were consolidated by order of the disciplinary board. The board subsequently filed in this court a single recommendation of discipline encompassing both sets of formal charges.

U07-DB-042

The Unauthorized Practice of Law Matter

Between August 3, 2002 and July 7, 2003, respondent was ineligible to practice law for failing to comply with mandatory continuing legal education (“MCLE”) requirements in 2001. While employed at the Workers’ Compensation Legal Clinic of Louisiana, Inc. (“Legal Clinic”), respondent performed legal work in connection with more than one hundred cases during the period of his ineligibility.
The ODC alleged respondent’s conduct violated Rule 5.5(a) (engaging in the unauthorized practice of law) of the Rules of Professional Conduct.

The Failure to Cooperate Matter

Respondent failed to respond in writing to three disciplinary complaints, despite requesting and receiving numerous extensions. During his February 8, 2007 sworn statement, respondent insisted he had provided written responses to the ODC. However, he was unable to produce copies of the responses. The Legal Clinic provided the ODC with copies of the files related to the three complaints and a copy of all existing computer files used by respondent. None of the files included any responses to the complaints.
The ODC alleged respondent’s conduct violated Rule 8.1(c) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.

Hearing Committee Report

After considering the testimony and evidence presented at the hearing, the hearing committee determined the witnesses called by the ODC to testify regarding the unauthorized practice of law matter and the failure to cooperate matter “had no | ¡¡animus to tell anything but the truth, and their testimony was credible in all aspects.” Based on the testimony and the other evidence in the record, the committee found respondent was certified as ineligible to practice law from August 3, 2002 through July 7, 2003 based on his failure to *1247 obtain MCLE hours for 2001. While he was ineligible, he continued to practice law and performed legal work in connection with more than one hundred cases. The committee found respondent’s testimony that he never received notice of his ineligibility to be suspect and determined his neglect in permitting himself to be “blissfully ignorant of his failure to meet his CLE requirements and of his ineligibility to practice law” is sanctionable. The committee also found respondent’s failure to respond to the ODC’s requests for information and meetings are symptomatic of his “inability simply to come to grips with unpleasant circumstances.” The committee further found that many of respondent’s explanations and excuses were not credible or were otherwise insufficient. Based on these findings, the committee determined the ODC proved the formal charges by clear and convincing evidence.
The committee further determined respondent acted knowingly. In aggravation, the committee found a pattern of misconduct and multiple offenses. The committee also noted its impression that respondent does not always pay sufficient attention to the details of his practice and that future charges may be precipitated by this lack of attention if he is not disciplined. In mitigation, the committee found the absence of a dishonest or selfish motive and personal or emotional problems (the illnesses and subsequent deaths of respondent’s grandparents as well as Hurricane Katrina, which he claimed interfered with his ability to respond to some of the ODC’s inquiries).
|4Under these circumstances, the committee recommended respondent be suspended from the practice of law for one year and one day, with nine months deferred. The committee further recommended respondent be placed on supervised probation during the deferred portion of the suspension and that he be required to attend the Louisiana State Bar Association’s Ethics School. Finally, the committee recommended respondent pay half of the costs and expenses of these disciplinary proceedings.
Neither respondent nor the ODC filed an objection to the hearing committee’s report and recommendation.

08-DB-062

The Speeding Citation Matter

On January 24, 2008, respondent received a citation for speeding in Jefferson Parish. Respondent pled not guilty, and the matter was set for trial in First Parish Court on October 28, 2003. Respondent failed to appear for the trial, and the court issued an instanter attachment on October 29, 2003. On October 11, 2004, the court recalled the attachment and set the matter for trial on January 18, 2005. Despite receiving notice of the new trial date, respondent failed to appear for trial. The court issued a second instanter attachment on January 19, 2005. In July 2009, the prosecuting attorney dismissed the case against respondent.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 8.4(a) (violation of the Rules of Professional Conduct) and 8.4(d) (engaging in conduct prejudicial to the administration of justice).
|fi The Car Accident Matter
On Februaiy 21, 2003, respondent was traveling the wrong way on a one-way street in Jefferson Parish and collided with two other vehicles. Following the accident, the police officer noted in his report that respondent “had a very strong odor of an alcoholic beverage. His speech was slurred and he was very unsteady on his *1248 feet.” Another witness indicated respondent yelled obscenities and appeared to be intoxicated; however, she was not close enough to smell alcohol on him. Yet another witness indicated respondent smelled of alcohol, slurred or mumbled, and refused to exit his vehicle after the accident. Respondent indicated he was injured when the air bag deployed and had “whiplash, soreness, pain, [and] bloody nose.” He failed a field sobriety test and refused to take a chemical test for intoxication. Respondent was arrested and subsequently charged with driving while intoxicated and reckless operation of a motor vehicle. On April 15, 2003, respondent pled not guilty, and the matter was set for trial on August 11, 2008.
On June 24, 2003, respondent attended a hearing held by the Department of Public Safety and Corrections, Division of Administrative Law. Respondent testified at the hearing that, although he had been drinking before the accident, he was not intoxicated. Instead, he reported to the police officer that he had injured his head in the accident. He claimed the police officer took him to the hospital after arresting him,[1] and the doctor reported that respondent was positive for alcohol use but “not clinically intoxicated] by ambulation or speech.” The doctor also reported that respondent sustained “blunt head trauma” but “no significant trauma.” Based on the doctor’s report and the police officer’s failure to document in the police report that respondent was taken to the hospital, the administrative law judge determined the Ispolice officer did not have reasonable grounds to believe respondent was under the influence of alcohol when the accident occurred and reinstated respondent’s driving privileges.
Respondent failed to appear for trial on August 11, 2003, and the court issued an instanter attachment. The attachment was recalled the next day, and the trial was re-set for December 10, 2003. Respondent requested and was granted a continuance until April 14, 2004. Respondent requested another continuance, which was denied. Nonetheless, respondent failed to appear for trial, and the court issued an instanter attachment. On October 11, 2004, the court recalled the attachment, and the matter was re-set for trial on February 22, 2005. Respondent requested two additional continuances, and the matter was re-set for trial on August 30, 2005. Following the court’s reconvening after Hurricane Katrina, trial was re-set for February 1, 2006. Respondent failed to appear for trial, and the court issued a third instanter attachment. The trial was eventually re-set for December 7, 2009. Respondent again failed to appear for trial, and the court issued another instanter attachment. Despite having knowledge of the attachment, respondent has failed to take any action to resolve the matter.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 8.4(a), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), and 8.4(d).

Hearing Committee Report

After considering the testimony and evidence presented at the hearing, the hearing committee made the following factual findings:
17With respect to the speeding citation matter, the committee found that, on October 11, 2004, respondent received an in-court notice of a new trial date of January *1249 18, 2005. Nevertheless, respondent failed to appear for the trial, and the court issued an attachment. The committee also found the matter was not resolved until the summer of 2009. With respect to the car accident matter, the committee found the doctor’s discharge summary was prepared hours after respondent’s car accident occurred, and the doctor found respondent suffered “no significant trauma.” The committee also determined respondent’s credibility was questionable. Regarding respondent’s numerous failures to appear for trial and the subsequent attachments, the committee made factual findings consistent with the underlying facts set forth above. The committee determined respondent clearly ignored court orders mandating his appearance in court at scheduled trials. The committee also found respondent was clearly impaired by alcohol at the time of the car accident.
Based on these facts, the committee determined respondent violated Rules 8.4(a) and 8.4(d) of the Rules of Professional Conduct in both counts. However, the committee determined respondent did not violate Rule 8.4(b) because his criminal case is still pending.
The committee found the following aggravating factors present: prior disciplinary offenses (February 2004 diversion), a pattern of misconduct, multiple offenses, and refusal to acknowledge the wrongful nature of the conduct. The committee did not discuss whether any mitigating factors were present.
After considering this court’s prior jurisprudence involving similar misconduct and the aggravating factors present, the committee recommended respondent be suspended from the practice of law for eighteen months.
| SNeither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board, Recommendation

07-DB-0J/.2 & 08-DB-062

After reviewing these consolidated matters, the disciplinary board determined the hearing committees’ factual findings are not manifestly erroneous. Based on those facts, the board determined respondent violated the Rules of Professional Conduct as found by the committees, with one exception: the board determined respondent also violated Rule 8.4(b) in the car accident matter. Based on the committee’s factual finding that respondent was impaired by alcohol at the time of the car accident, the board determined he engaged in criminal conduct in violation of this rule, noting that a criminal conviction is not required to find such a violation.
The board further determined respondent knowingly and intentionally violated duties owed to the public, the legal system, and the legal profession. His conduct in failing to appear for court on several occasions and failing to cooperate with the ODC caused actual harm to the legal system and the legal profession. His criminal conduct harmed both person and property. His unauthorized practice of law caused potential harm to several clients.
The board found the following aggravating factors present: prior disciplinary offenses, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, and refusal to acknowledge the wrongful nature of the conduct. The only mitigating factor the board found was inexperience in the practice of law, which the board considered only with respect to respondent’s unauthorized | practice of law. After reviewing the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the appli *1250 cable baseline sanction in this matter is suspension.
After considering this court’s prior jurisprudence involving similar misconduct and the aggravating factors present, the board recommended respondent be suspended from the practice of law for three years.
One board member dissented, recommending respondent be suspended from the practice of law for one year and one day and be required to attend the Louisiana State Bar Association’s Ethics School.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
The record of this consolidated matter reveals respondent practiced law for eleven months while ineligible to do so, failed to cooperate with the ODC in three investigations, failed to appear in court for trial dates on numerous occasions, and 11ftcaused a car accident while driving under the influence of alcohol. Based on these facts, respondent has violated the Rules of Professional Conduct as found by the disciplinary board.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The record reflects respondent acted knowingly, if not intentionally, in violating duties owed to his clients, the public, the legal system, and the legal profession. He caused actual harm to the public, the legal system, and the legal profession, and he caused potential harm to several clients. We agree with the board that the baseline sanction is suspension. We also agree with the aggravating and mitigating factors found by the board. In addition, the mitigating factor of personal or emotional problems is present with respect to respondent’s failure to cooperate with the ODC.
Our prior eases involving similar misconduct indicate that separately, respondent’s acts of misconduct would warrant a suspension from the practice of law for one year and one day. See, e.g., In re: Fahrenholtz, 09-0748 (La.10/2/09), 18 So.3d 751 (attorney who was declared ineligible to practice law and who failed to cooperate with the ODC in two investigations was suspended for one year and one Inday); In re: Hardy, 03-0443 (La.5/2/03), 848 So.2d 511 (holding that the baseline sanction for practicing law while ineligible to do so is a suspension for one year and one day); In re: Baer, 09-1795 (La.11/20/09), 21 So.3d 941 (an attorney who was twice arrested and charged with driving under the influ *1251 ence of alcohol was suspended for one year and one day). In light of these cases and the aggravating factors present, the three-year suspension recommended by the board is reasonable for respondent’s combined misconduct.
Accordingly, we will adopt the disciplinary board’s recommendation and suspend respondent from the practice of law for three years.
DECREE
Upon review of the findings and recommendations of the hearing committees and disciplinary board, and considering the record, it is ordered that Ruben Hernandez, Jr., Louisiana Bar Roll number 26834, be and he hereby is suspended from the practice of law for three years. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Chief Justice Kimball not participating in the opinion.

. The police officer denied taking respondent to the hospital, claiming the EMTs checked respondent at the accident scene and found no serious injuries.