*542 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
|,This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Gregory S. Duhy, an attorney licensed to practice law in Louisiana.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history.[1]
*543 Respondent was admitted to the practice of law in Louisiana in 1982. Between 1990 and 1995, respondent was admonished by the disciplinary board on four occasions for failing to cooperate in disciplinary investigations. In February 1993, respondent consented to be publicly reprimanded by the board for failing to ^appear pursuant to a subpoena or otherwise comply with a lawful demand for information. In March 1993, respondent was admonished for neglecting a legal matter and failing to return a client’s file. In January 2002, respondent was admonished for neglecting a legal matter, making false statements to a client, and failing to timely file a client’s appeal.
Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
UNDERLYING FACTS
Between November 2010 and September 2012, the ODC received three complaints against respondent. Respondent failed to submit a written response to the complaints, necessitating the issuance of a subpoena to obtain his sworn statement for each of the matters. Following the taking of the sworn statement in one of the matters, respondent failed to respond to the ODC’s request for additional documentation for an extended period of time.
DISCIPLINARY PROCEEDINGS
In September 2013, the ODC filed formal charges against respondent, alleging that his conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 8.1(b) (knowing failure to respond to a lawful demand for information from a disciplinary authority) and 8.1(c) (failure to cooperate with the ODC in its investigation). Respondent answered the formal charges, wherein he primarily addressed the substantive issues of the complaints and apologized for his failures to respond to the complaints. The matter then proceeded to a formal hearing on the merits.
| ^Hearing Committee Report
After considering thé testimony ánd evidence presented at the hearing, the hearing committee made factual findings consistent with the underlying facts set forth above. Based on these facts, the committee determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The committee further determined respondent knowingly violated a duty owed to the legal profession, causing actual and potential harm to the disciplinary system. After considering the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined the baseline sanction is suspension.
In aggravation, the committee found the following factors: a prior disciplinary record, a pattern of misconduct, multiple offenses, and substantial experience in the practice of law (admitted 1982). In mitigation, the committee found personal or emotional problems[2] and remorse.
After further considering the case law involving similar misconduct, the committee recommended respondent be suspended from the practice of law for one year and one day. The committee further recommended that all but two weeks of the suspension be deferred in light of respondent’s personal issues and remorse, and “the fact that he has indicated he now serves primarily as an assistant professor *544 and is no longer generally in private practice such that similar disciplinary misconduct is not anticipated to occur in the future ...”
The ODC filed an objection to the leniency of the sanction recommended by the hearing committee.

_[4Disciplinary Board Recommendation

After reviewing the record, the disciplinary board adopted the factual findings and legal conclusions of the committee. The board also determined the committee correctly applied the Rules of Professional Conduct.
The board determined respondent knowingly violated a duty owed to the legal profession which resulted in actual injury to the legal profession and, more particularly, the disciplinary system. His failure to respond to lawful demands for information by the ODC necessitated a formal investigation and additional expenses which might not have been incurred had respondent simply cooperated. His conduct is all the more egregious considering that respondent has been admonished on multiple occasions and publicly reprimanded for engaging in similar misconduct. After considering the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the baseline sanction is suspension. The board adopted the aggravating and mitigating factors found by the committee.
After further considering the case law involving similar misconduct, the board recommended respondent be suspended from the practice of law for one year and one day, with all but three months deferred, subject to one. year of unsupervised probation. The board also recommended respondent be assessed with the costs and expenses of this proceeding. Two board members dissented and would recommend harsher discipline.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has |5been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
As a threshold matter, we note that the ODC did not charge respondent with practicing law while ineligible to do so or with any substantive misconduct in connection with the three underlying complaints. The only misconduct before the court is respondent’s failure to cooperate with the ODC in its investigation of the complaints.
The record of this matter supports a finding that respondent failed to cooperate with the ODC in three investigations. This misconduct amounts to a violation of the Rules of Professional Conduct as alleged in the formal charges.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana *545 State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
We agree with the hearing committee and the disciplinary board that respondent acted knowingly and violated a duty owed to the legal profession. His conduct resulted in harm to the disciplinary system. We also agree that the | (¡baseline sanction is suspension. The record supports the aggravating and mitigating factors found by the committee and the board.
In the past, we have found that an attorney’s failure to cooperate with the ODC, standing alone, is sufficient to warrant a period of actual suspension. See, e.g., In re: Augustine, 97-1570 (La.9/26/97), 707 So.2d 1 (thirty-day suspension imposed upon an attorney who knowingly failed to cooperate with the ODC in two investigations), and In re: Boudreau, 03-1890 (La.12/3/03), 860 So.2d 1119 (six-month suspension imposed upon an attorney who failed to cooperate with the ODC in its investigation of a complaint filed against him; the attorney had recently been disciplined for similar misconduct, and. his continued failure to cooperate was therefore found to be “particularly egregious”).
The record reflects that respondent has a long history of disregarding his professional responsibilities. In fact, between 1990 and 1995, he was disciplined five times for failing to cooperate with the ODC. Nevertheless, he has continued to ignore his obligation to cooperate with the ODC as it investigates complaints of attorney misconduct. Without question, this pattern of misconduct qualifies as being “particularly egregious.”
Accordingly, we will adopt the board’s recommendation and suspend respondent from the practice of law for one year and one day, with all but three months deferred, followed by a one-year period of unsupervised probation.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Gregory S. Duhy, Louisiana Bar Roll number 1340, be and he hereby is suspended from the practice of law for one year and one day, with all but three months deferred, followed by a one-year period of unsupervised probation. The probationary period |7shall commence from the date respondent and the ODC execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate. All costs, and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. In addition to prior discipline, respondent has been declared ineligible to practice law on numerous occasions for failing to comply with his professional obligations:
June 1, 1992-July 9, 1992 Failure to pay bar dues
September 30, 1994-November 4, 1994 Failure to pay bar dues
September 6, 1995-October 4, 1995 Failure to pay bar dues
October 1, 1996-October 30, 1996 Failure to pay bar dues
September 2, 1997-October 2, 1997 Failure to pay bar dues
September 4, 2001-September 10, 2001 Failure to pay bar dues and disciplinary assessment
September 4, 2003-September 24, 2003 Failure to pay bar dues and disciplinary assessment
September 11, 2006-September 28, 2006 Failure to pay bar dues and disciplinary assessment
October 8, 2007-November 5, 2007 Failure to pay bar dues and disciplinary assessment
September 29, 2007-February 13, 2008 Failure to attend mandatory CLE
November 30, 2007-February 15, 2008 Failure to file a trust account registration statement
October 1, 2008-October 13, 2008 Failure to pay bar dues and disciplinary assessment
September 9, 2009-October 15, 2009 Failure to pay bar dues and disciplinary assessment
September 10, 2010-September 30, 2010 Failure to file a trust account registration statement
September 9, 2011-September 27, 2011 Failure to pay bar dues and disciplinary assessment; failure to file a trust account registration statement
September 19, 2012-September 28, 2012 Failure to file a trust account registration statement
September 19, 2012-October 1, 2012 Failure to pay bar dues and disciplinary assessment

. Respondent’s home and office sustained damage as a result of Hurricanes Katrina and Isaac.