PER CURIAM.
hThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Roy Joseph Richard, Jr., an attorney licensed to practice law in Louisiana.
FORMAL CHARGES
On October 30, 2013, respondent’s trust account did not have a sufficient balance to cover a $250 check payable to the Acadia Parish Clerk of Court. Respondent’s bank nevertheless paid the check, resulting in an overdraft in the trust account of $228.43.
The bank notified the ODC of the overdraft on November 4, 2013. Although respondent had made a deposit by that time to bring his bank account back to a positive balance, he failed to cooperate with the ODC in the disciplinary investigation.
*1036 DISCIPLINARY PROCEEDINGS
In October 2014, the ODC filed formal charges against respondent, alleging that his 'conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 1.15(a) (safekeeping property of clients or third persons), 8.1(b) (knowing failure to respond to a lawful demand for information |2from a disciplinary authority), 8.1(c) (failure to cooperate with the ODC in its investigation), and 8.4(a) (violation of the Rules of Professional Conduct).
Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions.
After consideration of the ODC’s submission in response to the deemed admitted order, the hearing committee recommended that respondent be suspended from the practice of law for one year and one day, with no period of deferment. Thereafter, and with the consent of the ODC, respondent filed a motion to remand the matter to the committee for the sole purpose of hearing evidence on the appropriate sanction.

Mitigation Hearing

This matter proceeded to a hearing in mitigation, which was conducted by the hearing committee in July 2015. Respondent testified on his own behalf and on cross-examination by the ODC. Respondent also called two character witnesses.
In his testimony before the committee, respondent explained that he received $250 in cash from a client. He then wrote a check from his IOLTA account in that amount payable to the Acadia Parish Clerk of Court to cover court costs required for a filing also made that same day. Respondent fully expected to deposit the $250 into the account when he returned from court, but through an inadvertent oversight he neglected to make the deposit for several days, and so the check to the clerk of court caused an overdraft. As soon as respondent learned of the overdraft, he made a deposit. Respondent apologized for his inattention to the ODC’s investigation, saying that he is ashamed of his conduct. He stated that he has no |Rgood excuse for his conduct except that it was the result of his ignorance. He admitted that he should have consulted with someone to ask for help.

Hearing Committee Report

After reviewing the ODC’s deemed admitted submission, the hearing committee made factual findings consistent with the factual allegations set forth above. Based on these factual findings, the committee determined that respondent violated the Rules of Professional Conduct as charged.
The committee determined that respondent never intended to defraud anyone, and that no one was harmed. The check was honored by-the bank and respondent promptly covered the resulting overdraft by depositing the $250 cash. However, more serious than the excusable neglect that caused the overdraft is respondent’s failure to respond and cooperate with the ODC. In doing so, respondent caused actual harm to the disciplinary process.
In aggravation, the committee found that respondent has a prior disciplinary record[1] and substantial experience in the *1037 practice of law (admitted 2004). In mitigation, the committee found the absence of a dishonest or selfish motive, character or reputation, and sincere remorse.
After hearing the testimony of the witnesses and the evidence in mitigation and judging respondent’s demeanor, the committee found respondent to be sincere .in acknowledging the wrongful nature of his conduct. Considering the court’s view that the disciplinary system is designed to rehabilitate and not to punish, the committee concluded that respondent did not deserve to be sanctioned as harshly as was previously recommended. Accordingly, the committee recommended that respondent be suspended for one year and one day, with all but sixty days deferred, 'followed by a one-year period of supervised probation.
[¿Neither respondent nor the ODC filed an objection to the hearing committee’s report.

Disciplinary Board Recommendation

After review, the disciplinary board determined that the hearing committee’s factual findings in this deemed admitted matter are supported by the factual allegations in the formal charges and/or by the evidence submitted in support of those allegations. Based on these findings, the board determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The board determined respondent negligently violated a duty owed to his client by converting money in his trust account. The conversion did not cause any actual harm and was quickly remedied. There was the potential for harm, but it was minor given the relatively small amount of money involved. Respondent knowingly and intentionally violated his duty to the legal profession by failing to respond to and cooperate with the ODC’s investigation. This conduct caused the ODC to expend additional.resources in the investigation of this matter.
The board adopted the aggravating and mitigating factors found by the committee. Additionally, the board found the aggravating factor of bad faith obstruction of the disciplinary proceeding by ■ intentionally failing to comply with the rules or orders of the disciplinary agency.[2]
After reviewing prior jurisprudence involving similar misconduct, the board recommended respondent be suspended from the practice of law for one year and one day, with all but sixty days deferred, followed by a . one-year period of |,-unsupervised probation. The board also recommended respondent be assessed with the costs and expenses of this proceeding.
The ODC did not file an objection to the disciplinary board’s recommendation. Respondent filed a concurrence with the recommendation. In the concurrence, respondent apologized for his misconduct and for failing to cooperate with the ODC’s investigation. Respondent added that he should have been more attentive to the efforts of the disciplinary system.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we *1038 act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). .Thus, the ODC bears no additional burden, to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. . If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-305(La.1/10/03), 838 So.2d 715.
The record in this deemed admitted matter supports a finding that respondent allowed his client trust account to become overdrawn on one occasion and failed to |ficooperate with the ODC in its investigation. Based on these facts, respondent has violated the Rules of Professional Conduct as charged.
Having found evidence of professional misconduct, we now turn to a determination of the. appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are. designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and'deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The record further supports a finding that respondent negligently violated a duty owed to his client and knowingly and intentionally violated a duty owed to the legal profession. His misconduct caused potential harm to his client and actual harm to the disciplinary system. Based on the ABA’s Standards for Imposing Lawyer Sanctions, the applicable baseline is suspension. The aggravating and mitigating factors found by the disciplinary board are supported by the record.
. In making its sanction recommendation, the disciplinary board cited the case of In re: Duhy, 14-2052 (La.11/21/14), 154 So.3d 541, wherein we suspended an attorney from the practice of law for one year and one day, with all but three months deferred, for failing to cooperate with the ODC in three investigations. The attorney had been previously disciplined five times for failing to cooperate with the ODC, and we found the attorney acted knowingly. The following aggravating factors were present: a prior disciplinary record, a pattern of misconduct, multiple offenses, and substantial experience in the practice of law. The following mitigating factors were present: personal or emotional problems and remorse.
|7Without minimizing the seriousness of respondent’s misconduct regarding his negligent conversion of client funds, his most egregious misconduct is clearly his failure to cooperate with the ODC. Like the attorney in Duhy, respondent acted knowingly and intentionally, and he has a disciplinary record for engaging in similar misconduct. However, in light of the fact that there are more mitigating factors present in this case than in Duhy, and *1039 fewer aggravating factors, we find a shorter period of actual suspension is warranted than was imposed in that matter.
Accordingly, we will adopt the board’s recommendation and suspend respondent from the practice of law for one year and one day, with all but sixty-days deferred, followed by one year of probation.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Roy Joseph Richard, Jr., Louisiana Bar Roll number 28981; be and he hereby is suspended from the practice of law for one year and one day, with all but sixty days deferred, followed by a one-year period of unsupervised probation. The probationary period shall commence from the date respondent and the ODC execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal' interest' to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent was admonished on September 20, 2013 for failing to cooperate with the ODC in four investigations.

. The board noted that respondent’s admonition for failing to cooperate with the ODC -in four investigations was issued on September 20, 2013. In the instant matter, the ODC sought a response to the overdraft notification by-letter dated November 11, 2013, which was received by respondent on November 13, 2013. Respondent never responded to this correspondence or subsequent attempts by the ODC to obtain a response. Thus, less than two months after being admonished by the disciplinary board, respondent engaged in the same misconduct.