CRICHTON, J.,
dissents and assigns reasons:
h Suspended from the practice of law and apparently working as a lobbyist, respondent stole another lobbyist’s briefcase, iPad, keyboard and case, took the briefcase to his home, and threw the other items in a pond behind his house. These actions required the Louisiana State Police in two parishes to investigate respondent (during which he lied to the police), leading to three felony charges against him: Theft in East Baton Rouge Parish, Illegal Possession of Stolen Property, and Obstruction of Justice in Orleans Parish. Although he completed a diversion program and was allowed to enter a plea of guilty to one count of misdemeanor theft, in my view, this conduct by a lawyer, albeit a suspended one, is not only a violation of Rule 8.4 of the Rules of Professional Conduct, but it is also hideous and embarrassing for the profession. This criminal and ethical misconduct is also preceded by misconduct giving rise to this Court’s order of suspension for a year and a day, in which this Court deemed his misconduct “particularly troublesome.” In re: Fahrenholtz, 09-0748 (La. 10/2/09), 18 So.3d 751 (“Fahrenholtz I”)
Supreme Court Rule XIX, Appendix E, Guideline 9 sets forth conduct that might warrant permanent disbarment and, in my view, is applicable here: It provides:
GUIDELINE 9. Instances of serious attorney misconduct or conviction of a serious crime, when the misconduct or conviction is preceded by suspension or disbarment for prior instances of serious attorney misconduct or conviction of a serious crime. Serious crime is defined in Rule XIX, Section 19. Serious attorney misconduct is defined for purposes of these guidelines as any misconduct which ^results in a suspension of more than one year.
To exacerbate matters, respondent blatantly refused to cooperate with ODC in violation of Rule 8.4(a), both in this case and in Fahrenholtz I. See 09-0748 at p. 8, 18 So.3d at 755. (noting the failure to cooperate was “more egregious than the typical failure to cooperate case.”). This demonstrates, without doubt, his total disregard and disdain for the legal profession. In fact, in this case and in Fahrenholtz I, it *210 is difficult to imagine how respondent could have been any more uncooperative.
In addressing lawyer disciplinary matters, it is the duty of the Louisiana Supreme Court to maintain the high standards of the legal profession, protect the public, preserve the integrity of the profession, and deter future misconduct. Based on Mr. Fahrenholtz’s lack of moral fitness and his astonishing lack of concern and respect for this profession, I believe that permanent disbarment is warranted in this instance. For these reasons, I dissent from the Per Curiam imposing “regular” disbarment, from which the respondent could at some point seek reinstatement. See La. Sup. Ct. R. XIX, § 24(A) (“No lawyer may petition for readmission until five years after the effective date of disbarment.”).