ATTORNEY DISCIPLINARY PROCEEDING PER CURIAM J^This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Mark G. Simmons, an attorney licensed to practice' law in Louisiana. UNDERLYING FACTS The Client Trust Account Matter The ODC received notice from respondent’s bank that his client trust account was overdrawn on September 6, 2012. Despite receiving notice of the overdraft from the ODC via certified mail, respondent failed to respond to the ODC’s request for an explanation and request for copies of records related to the account. Eventually, the ODC was able to audit the account for the period from May 2012 to June 2013. The audit revealed that, on June 30; 2013, respondent had not yet disbursed at least $5,296.29 to clients or third parties. At that time, the balance in the account was $1,696.31, indicating that respondent had converted $3,599.98 in funds belonging to clients or third parties. The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.15 (safekeeping property of clients or third persons), 8.1(c) (failure to cooperate with the ODC in its investigation), and 8.4(a) (violation of the Rules of Professional Conduct). | ¿The Cormier Matter In April 2010, Patricia Cormier hired respondent to represent her regarding an EEOC claim against the Lafayette Parish School System. She paid respondent a total of $2,000 for the representation. Respondent participated in mediation in the matter and corresponded with a representative of the school system in an attempt to present Ms. Cormier’s demands to the full school board. On November 16, 2011, respondent sent a letter to the school system representative regarding the school board’s alleged breach of the mediation agreement and his intent to contact the EEOC regarding the breach. Thereafter, respondent took no meaningful action regarding the matter. Ms, Cormier tried to contact respondent several times via email, telephone, text message, and letter to obtain the status of the matter, but respondent failed to respond. In April 2013, Ms. Cormier filed a disciplinary complaint against respondent. Despite receiving notice of the complaint via certified mail, respondent failed to respond. The ODC issued a subpoena to obtain respondent’s sworn statement. Respondent was personally served with the subpoena but requested, via fax, that the sworn statement be rescheduled. The ODC attempted to contact respondent by telephone, e-mail, and fax regarding his request, to no avail. Respondent did not appear at the sworn statement. The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.16(d) (obligations upon termination of the representation), 8.1(c), and 8.4(a). ^DISCIPLINARY PROCEEDINGS In November 2014, the ODC filed formal charges against respondent. Respondent answered the formal charges, and the matter proceeded to a formal hearing on the merits. Formal Hearing The hearing committee conducted the formal hearing in May 2016. The ODC introduced documentary evidence and called Ms. Cormier to testify before the committee. Respondent testified on his own behalf and on cross-examination by the ODC. Hearing Committee Report After considering the testimony and evidence presented at the hearing, the hearing committee made the following factual findings with respect to the client trust account matter: (1) Respondent commingled his own funds with his clients’ fund; (2) Respondent did not cooperate with the ODC in its investigation of this matter; and (3) The ODC did not prove that respondent converted client funds. The committee also noted that, in his answer to the formal charges, respondent stated the overdraft situation did not involve client funds but his own funds he had left in his client trust account, and this statement was not contradicted. Furthermore, during his testimony, respondent referred to some personal matters involving deaths in his family that may have contributed to his inattention to the account. Based on these facts, the committee determined respondent violated the Rules of Professional Conduct as alleged in this matter in the formal charges. Regarding the Cormier matter, the committee found the following: Respondent testified that he was retained to represent Ms. Cormier in the mediation. Respondent suggested he successfully completed the mediation, but the [ ^mediation settlement agreement placed into the record appears to be unsigned by the school board. The evidence indicated that, under any set of circumstances, any proposed mediation agreement would have been subject to school board review and approval, which was not forthcoming. Furthermore, there was no written contract for legal services, and the fee arrangement changed during the course of the representation. Nevertheless, Ms. Cormier paid most, but not all, of the legal fees assessed by respondent. In all, respondent did not act with reasonable diligence and promptness in representing Ms. Cormier; he failed to keep Ms. Cormier reasonably informed about the status of her legal matter; he did not provide her with reasonable notice upon termination of the representation; and he did not cooperate with the ODC in its investigation of this matter. Based on these facts, the committee determined respondent violated the Rules of Professional Conduct as alleged in this matter in the formal charges. The committee then determined that'respondent acted negligently, except when he intentionally failed to cooperate with the ODC’s investigations. The committee also determined that respondent’s actions or omissions generally relate to his inattention to detail and failure to clearly and timely communicate with his clients and the ODC. In light of the above, the committee recommended respondent be suspended from the practice of law for one year and one day, fully deferred, subject to two years of probation with the following conditions: (1) respondent successfully complete trust account-management training; (2) respondent successfully complete at least one hour of continuing legal education on the subject of law office practice; and (3) respondent’s trust account be audited and found to be in compliance on a quarterly basis. Neither respondent nor the ODC filed an objection to the Hearing committee’s report. I ^Disciplinary Board Recommendation After review, the disciplinary board found that the hearing .committee’s factual findings are not manifestly erroneous, except for its finding in the client trust account matter that respondent did not convert client funds. The board noted that, during the hearing, respondent stipulated to the findings of the ODC’s audit in the client trust account matter. The audit concluded that respondent converted, commingled, and misused the funds in his client trust account and that there were procedural and accounting errors in the account records. The audit further revealed that the client trust account balance fell below the amount necessary to honor funds deposited and that respondent failed to properly document his records to ensure he was handling the account' properly. Finally, the audit indicated that the total amount of funds converted was $3,599.98 because funds due to nine parties at the end of the audit period had not yet been disbursed and the funds in the account were insufficient to cover all of these pending disbursements. Based on these facts, the board determined that respondent violated the Rules of Professional Conduct as charged. The board then determined that respondent violated duties owed to his clients and the legal profession. He acted negligently with respect to his client trust account management and his handling of Ms. Cor-mier’s legal matter but acted knowingly and intentionally when he failed to cooperate with the ODC in its investigations. The board determined that, while no clients were harmed by respondent’s mismanagement of his client trust account, the potential for harm was great. Furthermore, Ms. Cormier suffered great frustration and possible injury due to respondent’s failure to properly communicate with her or properly terminate the representation following the mediation process. After considering the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that the baseline sanction is suspension. 16In aggravation, the board found multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, and substantial experience in the practice of law (admitted 1990). In mitigation, the board found only the absence of a prior disciplinary record. After further considering this court’s prior, jurisprudence addressing similar misconduct, the board recommended respondent be suspended from the practice of law for one year and one day, with all but sixty days deferred, followed by two years of supervised probation with the following conditions: (1) respondent successfully complete the Louisiana State Bar Association’s (“LSBA”) Trust Accounting School; (2) respondent successfully complete the LSBA’s Ethics School; and (3) respondent’s trust account be audited on a quarterly basis. Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.[1] DISCUSSION Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La. 10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La. 11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La. 3/11/94), 633 So.2d 150. The record of this matter supports a finding that respondent mismanaged his client trust account, neglected a legal matter, failed to communicate with a client, and failed to cooperate with the ODC in two investigations. This conduct amounts to a violation of the Rules of Professional Conduct as charged. Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In . determining a sanction, we are mindful that disciplinary-proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La. 1984). We agree with the hearing committee and the disciplinary board that respondent acted negligently except with respect to his knowing and intentional failure to cooperate with the ODC in its investigations. The record also supports a finding that respondent violated duties owed to his clients and the legal profession, causing potential and actual harm. The baseline sanction for this type of misconduct is suspension. The aggravating and mitigating factors found by the board are supported by the record. Turning to the issue of an appropriate sanction, we find guidance from In re: Schmidt, 13-2023 (La. 12/10/13), 130 So.3d 908, and In re: Richard, 16-0076 (La. 4/4/16), 188 So.3d 1035. In Schmidt, an attorney neglected legal matters, failed to communicate with clients, failed to promptly refund unearned fees and client files, and failed to cooperate with the ODC in one investigation. For this misconduct, |swe suspended the attorney from the practice of law for one year and one day, with all but sixty days deferred, followed by two years of supervised probation with conditions. In Richard, an attorney allowed his client trust account to become overdrawn on one occasion and failed to cooperate with the ODC in its investigation. For this misconduct, we suspended the attorney from the practice of law for one year and one day, with all but sixty days deferred, followed by one year of unsupervised probation. In light of this case law, we will adopt the board’s recommendation and suspend respondent from the practice of law for one year and one day, with all but sixty days deferred, followed by two years of supervised probation with the following conditions: (1) respondent successfully complete the LSBA’s Trust Accounting School; (2) respondent successfully complete the LSBA’s Ethics School; and (3) respondent’s trust account be audited on a quarterly basis. DECREE Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Mark G. I Simmons, Louisiana Bar Roll number 19995, be and he hereby is suspended from the practice of law for a period of one year and one day. It is further ordered that all but sixty days of the suspension shall be deferred. Following the active portion of the suspension, respondent shall be placed on supervised probation for a period of two years, subject to the conditions recommended by the disciplinary board. The probationary period shall commence from the date respondent, the ODC, and the probation monitor execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension execu-tory, or imposing additional discipline, as appropriate. All costs |fland expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid. . On September 26, 2017, over three months after notice of the filing of the board’s recommendation was mailed to the parties on June 19, 2017, respondent purportedly filed an objection to the board’s recommendation. Because this objection was filed well outside of the twenty-day delay for filing objections mandated by Supreme Court Rule XIX, § 11(G)(1)(b), we decline to consider it.